IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

IVAN ERIC TRUJILLO,

        Plaintiff,

vs.                                         No. CIV 02-460 RB/LFG

RIO ARRIBA COUNTY DETENTION
CENTER ADMINISTRATION and
MARK GALLEGOS,

        Defendants.

## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION ON DEFENDANTS' MOTION TO DISMISS[1]

This is *pro se, in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983. In his complaint, filed herein on April 25, 2003, Plaintiff Ivan Eric Trujillo ("Trujillo") alleges that corrections officer Mark Gallegos ("Gallegos") assaulted and injured him while he was incarcerated at the Rio Arriba County Detention Center in Tierra Amarilla, New Mexico on November 13, 1997. He brings this action against Gallegos and the Rio Arriba County Detention Center Administration.

This matter comes before the Court on Defendants' Motion to Dismiss [Doc. 22], on grounds that the statute of limitations has expired. Trujillo filed a response [Doc. 26], and the Court having considered the pleadings and arguments presented herein, finds that Defendants' motion is well taken and recommends that it be granted.

In his complaint, Trujillo states that on November 13, 1997, he was an inmate at the Rio

---

[1] Within ten (10) days after a party is served with a copy of this legal analysis and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the analysis and recommendations. If no objections are filed, no appellate review will be allowed.

Arriba County Detention Center. He was eighteen years old at the time. Trujillo alleges that he on the telephone outside the control room where Gallegos was on duty, when Gallegos threatened him through the window, then left the control room and entered the pod where Trujillo was using the phone, grabbed him in a choke hold, hit his head against the window, punched him in the face, and picked him up and threw him into a door frame. He says he sustained injuries to his wrist, back and eye as a result of this assault. Trujillo alleges further that he was taken to the detox cell and was refused medical attention.

Trujillo attached to his complaint the statements of three of his fellow inmates, confirming his version of the altercation. Gallegos' report of the incident, also attached to the complaint, asserts that Trujillo was the aggressor, although Gallegos does acknowledge that he picked Trujillo up over his shoulder and slammed him against the pod shower.

The Court cannot resolve this conflict in the evidence because it cannot entertain Trujillo's lawsuit, as it was filed too late.

> A federal cause of action "brought at any distance of time" would be "utterly repugnant to the genius of our laws." Adams v. Woods, 2 Cranch 336, 342 (1805). Just determinations of fact cannot be made when, because of the passage of time, the memories of witnesses have faded or evidence is lost. In compelling circumstances, even wrongdoers are entitled to assume that their sins may be forgotten.

Wilson v. Garcia, 471 U.S. 261, 2712 105 S. Ct. 1938, 1944 (1985).

There is no dispute that the incident occurred on November 13, 1997 and that Trujillo was immediately aware of his injuries and their cause. He did not file suit until April 25, 2003, almost five and a half years later. The statute of limitations in a suit brought under Section 1983 is three years, the limitation for tort actions for personal injury in New Mexico under N.M.S.A. (1978) § 37-1-8.

Wilson v. Garcia, 471 U.S. at 280.  The limitations period in this case, therefore, expired on November 13, 2000.

Trujillo offers no basis for tolling the statute of limitations; he cites only lack of money, lack of knowledge of the law and access to lawbooks, and the fact that he has been incarcerated almost continuously since the incident occurred.  [Doc. 26].  These facts do not constitute legal excuse for failing to file within the limitations period.

The tolling of a limitation period in a Section 1983 action is governed by state law.  Wilson v. Garcia, 471 U.S. at 269.  Trujillo does not allege that he is a minor or incapacitated (*see*, N.M.S.A. § 37-1-10); that defendant fraudulently concealed the fact or cause of his injury (*see*, Garcia v. Presbyterian Hosp. Center, 92 N.M. 652, 593 P.2d 487 (Ct. App. 1979); that commencement of his action was prevented by an injunction or other lawful proceeding (*see*, N.M.S.A. § 37-1-12); or any other reason which would have the legal effect of tolling the limitations period or delaying its accrual.

The Court has no choice but to recommend dismissal on grounds that the statute of limitations has expired on Trujillo's claim.

## Recommended Disposition

That Defendants' Motion to Dismiss [Doc. 22] be granted, and this case be dismissed with prejudice.

Lorenzo F. Garcia
Chief United States Magistrate Judge